IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA           :        CRIMINAL ACTION
                                   :        NOS. 09-496-03 & -05
     v.                            :
                                   :
JOESPH LIGAMBI and GEORGE BORGESI  :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          September 18, 2013


I.    **BACKGROUND**

        This matter arose from Joseph Ligambi's and George

Borgesi's participation in the affairs of the Philadelphia La

Cosa Nostra (LCN) Family, a racketeering enterprise, from 1999

to 2012. Defendant Ligambi was charged by Third Superseding

Indictment as follows:

    **Count 1**—RICO conspiracy in violation of 18 U.S.C.
    § 1962(d);

    **Count 39**—Conspiracy to make extortionate extensions of
    credit in violation of 18 U.S.C. § 892(a);

    **Count 42**—Collection and attempted collection of extensions
    of credit by extortionate means, in violation of 18 U.S.C.
    § 894(a)(1) and 2;

    **Count 43**—Conspiracy to conduct an illegal gambling business
    in violation of 18 U.S.C. § 371;

    **Count 44**—Conducting an illegal electronic gambling device
    business in violation of 18 U.S.C. § 1955 and 2;

    **Count 49**—Conducting an illegal sports bookmaking business
    in violation of 18 U.S.C. §§ 1955 and 2;

**Count 50**—Obstruction of justice in violation of 18 U.S.C. § 1512(b)(2)(A);

**Count 51**—Conspiracy to commit theft from an employee benefit plan and make false statements relating to documents required by ERISA, in violation of 18 U.S.C. § 371; and

**Count 52**—Theft from an employee benefit plan in violation of 18 U.S.C. §§ 664 and 2.

Defendant Borgesi was charged in the Third Superseding Indictment as follows:

**Count 1**—RICO conspiracy in violation of 18 U.S.C. § 1962(d);

**Count 26**—Financing extortionate extensions of credit in violation of 18 U.S.C. §§ 893 and 2;

**Counts 27 and 38**—Conspiracy to collect extensions of credit by extortionate means, in violation of 18 U.S.C. § 894(a)(1);

**Counts 28-37**—Collection of extensions of credit by extortionate means, in violation of 18 U.S.C. §§ 894(a)(1) and 2; and

On February 5, 2013, following a three-month trial with five other defendants, a jury returned a verdict that found Defendant Ligambi not guilty on counts 39, 42, 49, 51, and 52; the jury was undecided as to counts 1, 43, 44, and 50. The jury acquitted Defendant Borgesi of all counts except Count 1, and the jury was undecided as to that count. Defendant Borgesi faces retrial solely on Count 1, RICO Conspiracy, while Defendant Ligambi faces retrial on Counts 1, 43 (conspiracy to conduct an illegal gambling business), 44 (conducting an illegal gambling

business), and 50 (obstruction of justice).

## II.   PROCEDURAL HISTORY

In preparation for retrial and to narrow the proofs the Government may offer at that time, Defendant Ligambi filed a Motion to Limit the Scope of Retrial (ECF No. 1351) and Defendant Borgesi filed a Motion to Preclude Retrial (ECF No. 1363). The Government responded to both (ECF Nos. 1379-80), and, shortly thereafter, all parties filed several supplemental briefs (ECF Nos. 1416, 1423, 1430-31, 1438-39.

Defendant Ligambi also filed a motion in limine to bar the Government from introducing evidence relating to Counts 51 and 52 (ECF No. 1409), The Government responded (ECF No. 1420). On September 6, 2013, the Court held a scheduling conference and hearing to consider the parties' arguments. The motions are now ripe for review.

## III. DOUBLE JEOPARDY/ISSUE PRECLUSION STANDARD

"The Double Jeopardy Clause . . . embodies principles of collateral estoppel that can bar the relitigation of an issue actually decided in a defendant's favor by a valid final judgment." <u>United States v. Merlino</u>, 310 F.3d 137, 141 (3d Cir. 2002). For issue preclusion[1] to take effect in a subsequent

---

[1]      The Government is correct that the proper term in this case is "direct estoppel," as opposed to "collateral estoppel,"

trial, the issue must have been "necessarily decided" by the

prior jury. Yeager v. United States, 557 U.S. 110, 119 (2009).

Usually, a special verdict clarifies which issues the jury

necessarily decided. But in cases involving general verdicts,

such as this one, courts must review the entire record,

including "the pleadings, evidence, charge, and other relevant

matter, and conclude whether a rational jury could have grounded

its verdict upon an issue other than that which the defendant

seeks to foreclose from consideration." Id. at 120 (quoting Ashe

v. Swenson, 397 U.S. 436, 579 (1970)).

        "In a criminal case, a defendant seeking to invoke

collateral estoppel bears the burden of demonstrating that the

issue he seeks to foreclose was actually decided in the first

proceeding." United States v. Rigas, 605 F.3d 194, 217 (3d Cir.

2010). Furthermore, issue preclusion only applies when the issue

determined by the jury in the first trial is an "ultimate issue"

in the retrial—that is, the issue necessarily decided must be an

issue which the government must prove in the second trial beyond

a reasonable doubt. See Dowling v. United States, 493 U.S. 342,

---

because Defendants seek to preclude issues within the same
criminal proceeding and not in a separate proceeding. See United
States v. Bailin, 977 F.2d 270, 276-80 (7th Cir. 1992). The
Supreme Court, however, encourages the use of the more-
descriptive term "issue preclusion" in lieu of these phrases.
Yeager v. United States, 557 U.S. 110, 119 n.4 (2008) (citing
Restatement (Second) of Judgments § 27 (1980)).

348-49 (1990) (holding that the estoppel doctrine did not apply "because, unlike the situation in Ashe v. Swenson, the prior acquittal did not determine an ultimate issue in the present case"); United States v. Console, 13 F.3d 641, 664 (3d Cir. 1993) ("Although the principles of estoppel may apply to the retrial of a 'hung' count, . . . they apply only when 'an issue of fact has . . . been determined [in the defendant's favor] by a valid and final judgment." (footnotes, citations, and internal quotation marks omitted)); United States v. Salamone, 902 F.2d 237, 240-41 (3d Cir. 1990) (holding that evidence in first trial concerning firearms, in which defendant was acquitted of drug and RICO conspiracies, could be used in second trial on firearms offenses because evidence was collateral to elements of offenses in second trial).

In sum, to successfully meet the issue-preclusion burden, a defendant must identify: (1) a specific factual issue or issues; (2) which the jury in the first trial necessarily decided adversely to the government; and (3) which is an ultimate issue for retrial and not a collateral matter. See Ashe, 397 U.S. at 443; Dowling, 493 U.S. at 350-51; Rigas, 605 F.3d at 217-18; Console, 13 F.3d at 664-65.

A Defendant often fails to meet his or her burden because "it is usually impossible to determine with any precision upon what basis the jury reached a verdict in a

criminal case." Id. at 218 (quoting United States v. McGowan, 58
F.3d 8, 12 (2d Cir. 1995)). This rule, however, "is not to be
applied with the hypertechnical and archaic approach of a 19th
century pleading book, but with realism and rationality." Ashe,
397 U.S. at 444. The Third Circuit has interpreted Ashe to
require that in proferring alternative justifications for the
prior jury's verdict other than the issue in question, the
Government cannot "speculat[e] that the verdict could have been
based upon a finding that the government failed to prove
elements that were never contested by the defense." Rigas, 605
F.3d at 218.

**IV. DISCUSSION**

         Defendant Ligambi moves to bar the Government from
using all the previous defendants' acquitted counts from the
first trial as racketeering activity or evidence of RICO
conspiracy at his retrial on Count One.[2] Defendant Borgesi
contends that the estoppel doctrine precludes the Government
from retrying him on Count One because when the jury acquitted

---

[2]      Defendant Ligambi initially argues that, in its Third
Circuit reply brief responding to his appeal of the Court's
denial of his motion for bail (ECF No. 1212), the Government
conceded the acquittals on all substantive and conspiracy counts
at the first trial barred the use of the counts as evidence of
the racketeering conspiracy at retrial. Defendant Ligambi's
contention is baseless; a review of the cited pages reveals that
the Government made no such concession. See Def. Ligambi's Mot.
to Limit Scope of Retrial Ex. A, at 24-26.

him on Counts 36-48, the jury necessarily decided that there was
no agreement between him and Louis Monacello to commit extortion
and loansharking offenses. Defendant Borgesi argues that this
agreement is an ultimate issue of the RICO conspiracy charge
against him. He further contends that the Double Jeopardy Clause
of the U.S. Constitution bars his retrial on Count One because
he has previously been convicted of RICO conspiracy on the basis
of the same illegal gambling activities enumerated in Count one.
Finally, assuming the Court does not bar the Government from
retrying him on Count One, he asks the Court to limit the
Government's proof of the RICO conspiracy based on the jury's
acquittals on the substantive loansharking counts at the first
trial. The Court will consider each defendant's motion in turn.

A.    Defendant Ligambi

Defendant Ligambi's motion fails for two reasons.
First, he improperly relies on the doctrine of non-mutual issue
preclusion in requesting that issues surrounding his co-
defendants' acquittals from the first trial be barred from
retrial. And second, he fails to show that issues surrounding
his own acquittals are ultimate issues in retrying him on RICO
conspiracy. Because the Court finds that the acquitted counts
contain no ultimate issues for purposes of retrial, there is no

need to determine whether any issue was necessarily decided at
the first trial.[3]

###### 1. Non-Mutual Issue Preclusion

Defendant Ligambi argues that the jury's acquittals on
substantive counts against his co-conspirators preclude the
Government from using evidence related to those offenses at his
retrial on the RICO conspiracy charge in Count One.
Specifically, the evidence in question stems from the acquitted
counts of:  racketeering/collection of unlawful debt (Counts 2-
12) and collection of extensions of credit by extortionate means
(Counts 13-23) as to Anthony Staino; financing extortionate
extensions of credit (Count 26), conspiracy to collect
extensions of credit (Count 27), collection of extensions of
credit by unlawful means (Counts 28-37), and conspiracy to
collect extensions of credit by unlawful means (Count 38) as to

---

[3]      Notably, the Government has elected not to introduce
any evidence relating to the offenses charged in Counts 51 and
52 (conspiracy and theft of funds from an employment benefit
plan). See Gov't's Resp. to Ligambi's Mot. to Limit Scope of
Retrial 24 n.7, ECF No. 1379. In response, Defendant Ligambi
filed a motion to bar the Government from doing so. See Def.
Ligambi's Mot. In Limine, ECF No. 1409. The Government responds
that any such order is unnecessary, as it is aware of its
"professional responsibility" to abide by representations made
to the Court. By failing to rebut Defendant Ligambi's Motion to
Limit as to Counts 51 and 52, however, the Government is
abandoning its argument regarding these counts. Therefore, the
Court will grant the Motion to Limit as unopposed on Counts 51
and 52, which moots the Motion In Limine.

George Borgesi; and conducting an illegal gambling business (Count 47) as to Damion Canalichio.

The Supreme Court has held that estoppel cannot be applied against the Government in a criminal case where the parties are different or non-mutual in the subsequent proceeding. See Standefer v. United States, 447 U.S. 10, 21-25 (1980). In affirming the Third Circuit, the Standefer Court found that while the application of non-mutual issue preclusion in civil cases "promoted judicial economy and conserved private resources without unfairness to the litigant against whom estoppel was invoked," the considerations in a criminal case were different. Id. at 21-22. The Court quoted the following language from the Third Circuit's opinion in explaining why non-mutual estoppel is inapplicable to a criminal case:

> [T]he purpose of a criminal court is not to provide a forum for the ascertainment of private rights. Rather it is to vindicate the public interest in the enforcement of the criminal law while at the same time safeguarding the rights of the individual defendant. The public interest in the accuracy and justice of criminal results is greater than the concern for judicial economy professed in civil cases and we are thus inclined to reject, at least as a general matter, a rule that would spread the effect of an erroneous acquittal to all those who participated in a particular criminal transaction. To plead crowded dockets as an excuse for not trying criminal defendants is in our view neither in the best interests of the courts, nor the public.

Id. at 25 (citing United States v. Standefer, 610 F.2d 1076, 1093 (3d Cir. 1979)). Accordingly, Defendant's attempt to bar

the Government from relitigating issues relating to his co-defendants' acquittals is inappropriate.

Defendant Ligambi argues that Standefur does not apply to retrials because the moving defendant was a party in the previous litigation. Def. Ligambi's Resp. to Gov.'s Sur-Reply 7 (citing United States v. Bailin, 977 F.2d 270, 279 n.12 (7th Cir. 1992) ("[I]n a retrial, the government's inability to secure a conviction from the district judge or an appellate court militates toward recognizing issue preclusion."). However, the Bailin court's language focused only on the defendant's attempt to preclude relitigation of issues from his own retrial; there is no mention in the circuit or district court opinion of any attempt by the defendant to apply non-mutual issue preclusion to bar relitigation of a co-defendants' acquitted conduct at the defendant's own retrial. Indeed, just before Defendant Ligambi's quoted language, the Bailin court reiterated that "a criminal defendant could not benefit from non-mutual offensive collateral estoppel." Bailin, 977 F.2d at 279 n.12.

Even if the Bailin court did attempt to limit Standefur's holding, as Defendant Ligambi claims, such a limitation would contradict Supreme Court precedent. Specifically, Standefer prohibited applying non-mutual estoppel in criminal cases where the moving defendant was a party in the previous litigation:

> The application of nonmutual estoppel in criminal
> cases is also complicated by the existence of rules of
> evidence and exclusion unique to our criminal law. It
> is frequently true in criminal cases that evidence
> inadmissible against one defendant is admissible
> against another. The exclusionary rule, for example,
> may bar the Government from introducing evidence
> against one defendant because that evidence was
> obtained in violation of his constitutional rights.
> And the suppression of that evidence may result in an
> acquittal. The same evidence, however, may be
> admissible against other parties to the crime "whose
> rights were [not] violated." In such circumstances,
> where evidentiary rules prevent the Government from
> presenting all its proof in the first case,
> application of nonmutual estoppel would be plainly
> unwarranted.

Standefer, 447 U.S. at 23-24 (citing Alderman v. United States, 394 U.S. 165, 171-72 (1969)). In other words, the concerns with applying non-mutual estoppel in the criminal setting do not disappear when the moving defendant participated in the prior trial. Therefore, Defendant Ligambi's reliance on Bailin is misplaced, and the Court will deny the Motion as to Counts 2-12, 13-23, 26-38, and 47.

> 2.   Whether the Proposed Issues Are Ultimate Issues
>      in Retrying RICO Conspiracy

Defendant Ligambi seeks to preclude the Government from using the acquitted counts as predicate acts or overt acts in support of a RICO conspiracy at retrial. See Def. Ligambi's Mot. to Limit Scope of Retrial 1. His motion must be denied because the issues are not ultimate issues in the retrial.

Defendant Ligambi incorrectly assumes that whether he or another co-conspirator actually committed a predicate act of racketeering activity is an ultimate issue at his retrial. Defendant Ligambi would be correct regarding a substantive RICO offense under 18 U.S.C. § 1962(c). Such an offense requires proof that each defendant committed at least two racketeering acts. But conspiracy to commit a RICO violation under § 1692(d) does not require proof that any defendant committed a racketeering act, see United States v. Salinas, 522 U.S. 52, 63 (1997); United States v. Zauber, 857 F.2d 137, 148 (3d Cir. 1988); United States v. Adams, 759 F.3d 1099 (3d Cir. 1985), or an over act, see Salinas, 522 U.S. at 62; United States v. Glecier, 923 F.2d 496, 500 (7th Cir. 1991). The Third Circuit has held that the Government need not prove that a defendant agreed to personally commit two acts of racketeering. United States v. Pungitore, 910 F.2d 1084, 1130 (3d Cir. 1990). The Government need only prove a defendant agreed to conduct the affairs of the enterprise through a pattern of racketeering activity to be accomplished through the acts of co-conspirators. See id.

Furthermore, at the first trial, the Court laid out the elements that the Government must prove beyond a reasonable doubt as to RICO conspiracy:

First, that two or more persons agreed to conduct or
to participate, directly or indirectly, in the conduct
of an enterprise's affairs through a pattern of
racketeering activity or collection of unlawful debt;

Second, that the defendant was a party to or member of
that agreement; and

Third, that the defendant joined the agreement or
conspiracy knowing of its objective to conduct or
participate, directly or indirectly, in the conduct of
an enterprise's affairs through a pattern of
racketeering activity or collection of unlawful debt
and intending to join together with at least one other
alleged conspirator to achieve that objective; that
is, that the defendant and at least one other alleged
conspirator shared a unity of purpose and the intent
to achieve the objective of conducting or
participating in the conduct of an enterprise's
affairs through a pattern of racketeering activity or
collection of unlawful debt.

Jury Instructions ¶¶ 141-43. The law, as stated above, does not

require the Government to prove the commission of a predicate or

overt act in furtherance of the conspiracy. See Jury

Instructions ¶¶ 144, 157; see also United States v. Ligambi, No.

09-496, 2012 WL 2362636, at *3 (E.D. Pa. June 21, 2012)

(Robreno, J.).

Granted, Count One of the Third Superseding Indictment

identifies the offenses charged in the acquitted counts as part

of the manner and means of the RICO conspiracy. See Third

Superseding Indictment ¶¶ 23-31. Manner-and-means conduct is

circumstantial evidence of the conspiratorial agreement and the

defendants' participation in the conspiracy. The estoppel

doctrine, however, does not bar the admission of evidence of

other offenses, including acquitted conduct, to prove the manner and means of a RICO conspiracy. See Pungitore, 910 F.2d at 1107 n.21; see also Console, 13 F.3d at 644 n.21 ("'[T]he collateral estoppel component of the Double Jeopardy Clause' does not exclude evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted.") (quoting Dowling, 493 U.S. at 348). Admitting evidence of a prior criminal conduct to prove the manner and means of a separate conspiracy offense does not expose the defendant to being tried or punished a second time for the prior offense.

Because the Government is not required to prove that Defendant Ligambi or any co-conspirator actually committed a predicate or overt act, the jury's acquittals on the substantive and conspiracy counts are not ultimate issues for a RICO conspiracy retrial. Therefore, issue preclusion does not apply at the retrial.

B.  Defendant Borgesi

Defendant Borgesi contends that the estoppel doctrine of the Double Jeopardy Clause precludes the Government from retrying him on Count One because the jury's acquittals on Counts 26-38 in the first trial necessarily decided an ultimate issue that the Government must prove to convict him of RICO conspiracy. He further contends that the Double Jeopardy Clause

bars his retrial on Count One because he has previously been convicted of RICO conspiracy on the basis of the same illegal gambling activities as listed in the Third Superseding Indictment. Finally, assuming the Court does not bar the Government from retrying him on Count One, he asks the Court to limit the Government's proof concerning the RICO conspiracy based on the jury's acquittals on the substantive loansharking counts at the first trial.[4] The Court will deny Defendant Borgesi's motion altogether because he fails to demonstrate that his agreement with Louis Monacello to commit extortion and loansharking will be an ultimate issue at retrial,[5] and his prior conviction is materially different from the RICO conspiracy charged in Count One.

### 1. Issue Preclusion

Defendant Borgesi argues that the Government should be precluded from retrying him on Count One (RICO conspiracy). He argues in the alternative that the Court should limit the Government's proof at retrial. Because the analysis and result

---

[4]     Defendant Borgesi also "intends to ask this Court to reconsider its prior ruling denying his request for a bill of particulars in the event that his motion is denied and he must proceed to trial." Def. Borgesi's Mot. to Preclude Trial 7 n.1, ECF No. 1363. Because he does not formally move for a bill of particulars at this time, the Court will not address the issue.

[5]     Again, the Court has no reason to decide whether the issue was necessarily decided by the jury at the first trial.

are identical as to both of these requests, the Court will address them together.

Defendant Borgesi argues that to convict him of RICO conspiracy, the Government would have to establish that he conspired or agreed with Louis Monacello to commit the same substantive racketeering offenses that a jury has decided he did not conspire to commit. Def. Borgesi's Mot. ¶ 8. Therefore, he argues, the issue is essential to the Government's case at retrial, and the estoppel doctrine prohibits the Government from retrying him on Count I. For the following reasons, Defendant Borgesi is not entitled to issue preclusion regarding any of his acquitted counts.

Defendant Borgesi, like Defendant Ligambi before him, conflates the requirements to prove a violation of 18 U.S.C. § 1962(c) (substantive RICO conspiracy) with § 1962(d) (RICO conspiracy). As mentioned above, to establish a criminal RICO conspiracy in violation of § 1962(d), the Government is not required to prove that any defendant committed a racketeering act or an overt act in furtherance of the conspiracy. If the Government does not have to prove Defendant Borgesi or any other co-conspirator actually committed or agreed to commit a specific predicate act of racketeering activity, then the jury's acquittals on the substantive counts charging offenses that qualify as racketeering acts under § 1962(c), such as extortion,

gambling, and loansharking, cannot be ultimate issues for a RICO conspiracy. See United States v. Shenberg, 89 F.3d 1461, 1479-81 (11th Cir. 1996).

Defendant Borgesi also erroneously argues that the scope of the conspiratorial agreement to violate § 1962(c) in Count One is limited to violating RICO through the commission of a pattern of racketeering activity by members of the enterprise. However, Count One charges that he and his co-defendants conspired to violate § 1962(c) through the commission of a pattern of racketeering and the collection of unlawful debt. See Third Superseding Indictment ¶ 16. The elements of a collection of unlawful debt do not include an agreement to commit substantive loansharking offenses. Nor does the collection of unlawful debt include the element of using extortionate means to collect the debt. The jury's verdicts on Counts 26 through 38 do not relate to the collection of unlawful debt. Accordingly, the jury's acquittals on those counts did not necessarily determine an ultimate issue regarding Defendant Borgesi's involvement in RICO conspiracy.

Furthermore, Defendant Borgesi contends that the jury's acquittals on the substantive loansharking counts (Counts 28 through 37) precludes the Government from proving that he agreed with members of the Philadelphia LCN Family to violate § 1962(c) through gambling activities. This argument is

17

misguided. Count One avers that the agreed-upon pattern of racketeering activity consisted of multiple violations chargeable under federal and state law, including extortion, loansharking, and gambling. See Third Superseding Indictment ¶ 17. Count One did not limit the agreed-upon pattern of racketeering activity to the loansharking offenses charged in the substantive counts that were within the five-year statute of limitations applicable to those offenses.

Defendant Borgesi also contends that he and Louis Monacello did not share a "unity of purpose" to violate federal or state gambling laws. Def. Borgesi's Mot. ¶ 9. But loansharking and gambling are different crimes. None of the elements of the offenses charged in Counts 26 through 38 relate to gambling violations. Even assuming the jury determined that Defendant Borgesi and Monacello did not share a unity of purpose to violate § 1962(c) through a pattern of racketeering activity involving multiple acts of loansharking, such a finding would not be determinative of the issue whether he agreed that the Philadelphia LCN Family would violate RICO through a pattern of racketeering activity involving violations of federal or state gambling laws.

Finally, Defendant Borgesi's estoppel argument assumes, erroneously, that the scope of his conspiratorial agreement to violate RICO is limited to an agreement with

Monacello. Id. He compares his situation to that in United States v. Sealfon, where the Supreme Court found that Sealfon's acquittal on a conspiracy charge involving an agreement with another individual, Greenberg, to present false invoices to a government board precluded retrial on an aiding-and-abetting theory involving the same agreement with Greenberg. 332 U.S. 575, 579 (1948). The Court found that because there was no evidence at the first trial that Sealfon could have conspired with anyone other than Greenberg, Sealfon's acquittal necessarily meant that he did not aid and abet Greenberg in presenting the invoices. Id. at 579-80. Defendant Borgesi argues that his acquittals and the RICO conspiracy in Count One all revolve around the same agreement with Monacello to finance extortionate extensions of credit and commit loansharking offenses. Therefore, Defendant Borgesi concludes, as the Supreme Court prohibited retrial in Sealfon, the Court must do so here as well.

However, Count One avers that he conspired with the other members of the Philadelphia LCN Family to violate § 1692(c). The manner and means section of the Third Superseding Indictment regarding RICO conspiracy avers that he agreed with co-defendants Ligambi, Staino, and other alleged members of the Philadelphia LCN family, to engage in criminal activity. See Third Superseding Indictment ¶ 23 (agreement to operate an

illegal gambling business); id. ¶ 24 (agreement to engage in

loansharking activities); id. ¶ 29 (agreement to commit

extortion). The evidence at the first trial alleged that

Defendant Borgesi met and spoke with Defendant Ligambi and Co-

Defendant Staino during the conspiracy. Thus, even if the jury

decided an ultimate issue regarding an agreement between

Defendant Borgesi and Monacello to violate RICO, which it did

not, such a finding would not preclude the Government's proof

that Defendant Borgesi agreed with other co-conspirators to

violate § 1692(c). In other words, the charged RICO conspiracy

"covers a great deal of conduct not captured by the

[acquittals]." See United States v. Wittig, 575 F.3d 1085, 1101

(10th Cir. 2009) (distinguishing Sealfon).

    Overall, Defendant Borgesi fails to establish that the

issues surrounding the jury's acquittals on the substantive

offenses charged in Counts 26 through 38 are ultimate issues at

the retrial on Count One. Accordingly, he has failed to meet his

burden to show that he is entitled to issue preclusion on those

issues, and the Court will neither preclude retrial nor limit

the scope of evidence based on this argument.

    2.    Whether the Prior RICO Conspiracy Conviction Bars
          Retrial of Count One

    Defendant Borgesi claims that the Double Jeopardy

Clause bars his retrial in this case because he was convicted of

RICO conspiracy in <u>United States v. Borgesi</u>, No. 99-363-07, an
earlier trial in the District of New Jersey, on the basis of the
same gambling offenses charged in Count One of the Third
Superseding Indictment.[6]

The Third Circuit has adopted a totality-of-the-
circumstances approach to determine whether successive RICO
conspiracy prosecutions violate the Double Jeopardy Clause. <u>See</u>
<u>Pungitore</u>, 910 F.2d at 1113 (citing <u>United States v.
Ciancaglini</u>, 858 F.2d 923, 929 (3d Cir. 1988)). Specifically, to
establish that a prior RICO conviction bars a subsequent RICO
conspiracy indictment, the defendant must establish that the
second indictment charges "both the same enterprise and
substantially the same pattern of racketeering activity."
<u>Ciancaglini</u>, 858 F.2d at 928. Successive RICO prosecutions
violate the Double Jeopardy Clause only when "under the totality
of the circumstances, there is no material difference between
the 'enterprise' and the 'pattern of racketeering activity'
charged in the two indictments." <u>Pungitore</u>, 910 F.2d at 1113
(quoting <u>Ciancaglini</u>, 858 F.2d at 929). Factors relevant to the

---

[6]      Furthermore, Defendant Borgesi may have waived his
Double Jeopardy defense based on the prior RICO-conspiracy
conviction by not raising a timely objection prior to the
original trial, which triggered the same issues here. <u>See</u> <u>United
States v. Blyden</u>, 930 F.3d 323 (3d Cir. 1991) (holding that
defendant waived Double Jeopardy claim by obtaining severance of
charges at first trial)

Double Jeopardy analysis include the time period, the participants, the alleged statutory violations, and the overall nature and scope of the activities charged in the two indictments. See United States v. Calabrese, 490 F.3d 575, 577-81 (7th Cir. 2007); United States v. Marren, 890 F.2d 924, 935-36 (7th Cir. 1989); United States v. Ruggiero, 754 F.2d 927, 932-33 (11th Cir. 1984).

Here, an examination of the charges in the indictment in Criminal Number 99-363-07 (the Borgesi Indictment) demonstrates that Defendant Borgesi cannot establish that there is no material difference between the RICO conspiracy charged in the Borgesi Indictment and those in the Third Superseding Indictment. The only similarity between the two is that they identify the Philadelphia LCN Family. There are at least three material differences.

First, the RICO conspiracy charges cover different time periods. The Borgesi Indictment included a time period from March 1990 through March 30, 2000. Borgesi Indictment, No. 99-363-07, ¶ 11. The RICO conspiracy charged in Count One of the Third Superseding Indictment covers the time period between 1999 to April 2012. Although there is an overlap of approximately 15 months, this overlap is hardly significant considering the overall length and complexity of the charges. See Ciancaglini, 858 F.2d at 929.

Second, the Borgesi Indictment identified 19 co-conspirators. <u>See</u> Borgesi Indictment, No. 99-363-07, ¶ 11. Here, the Third Superseding Indictment identified 13 co-conspirators, and only three persons are identified as co-conspirators in both indictments: Defendant Borgesi, Martin Angelina, and Peter Caprio.[7] The remaining 29 defendants were named in only one conspiracy. Thus, the participants in the two conspiracies are materially different. <u>See</u> <u>Ciancaglini</u>, 858 F.2d at 929.

Third, the Borgesi Indictment averred that members of the Philadelphia LCN Family agreed to participate in and conduct the affairs of the enterprise through a pattern of racketeering activity that consisted of multiple acts of murder, attempted murder, conspiracy to commit murder, extortion, loansharking, gambling, drug trafficking, theft from interstate shipments, and interstate transportation of stolen motor vehicles. Borgesi Indictment ¶ 13. The Borgesi Indictment further identified 35 separate racketeering acts as part of the agreed-upon pattern of racketeering activity. <u>Id.</u> ¶¶ 14-50. These racketeering acts are not included in the manner-and-means averment in Count One of the Third Superseding Indictment. Nor does Count One aver that

---

[7]    The earlier indictment named Joseph Merlino and Steven Mazzone as co-conspirators. Although the Third Superseding Indictment did not name them as co-conspirators in Count One, the Government's trial evidence showed that they continued to participate in the affairs of the Philadelphia LCN Family during the period covered by Count One.

the agreed-upon pattern of racketeering activity included any of the acts alleged in the Borgesi Indictment (and vice-versa).

As to Defendant Borgesi's assertion that he was previously convicted of RICO conspiracy based on the same illegal gambling conduct described in the Borgesi Indictment, he is incorrect. The Borgesi Inidctment charged three separate sports bookmaking businesses conducted by him and co-conspirators Merlino, Lutz, Mazzone, Angelina, and Sharkey in 1997, 1998, and 1999. The Third Superseding Indictment only mentions a sports-bookmaking operation managed by Monacello on Defendant Borgesi's behalf after the latter's incarceration. <u>See</u> Third Superseding Indictment ¶ 23E.

Ultimately, Defendant Borgesi has failed to establish that there is no material difference between the agreed-upon pattern of racketeering activities charged in the Borgesi Indictment and those charged in the Third Superseding Indictment. Therefore, Defendant's Motion on this point must fail.

## V.    CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendant Ligambi's Motion to Limit the Scope of Retrial. The Court will grant the Motion as unopposed concerning Counts 51 and 52 and preclude the Government from

offering evidence related to those counts at the retrial. The Court will deny the Motion as to the remaining acquitted counts. The Court will also deny Defendant Borgesi's Motion to Preclude Retrial. An appropriate order will follow.