EDWIN J. JACOBS, JR.
LOUIS M. BARBONE
ARTHUR J. MURRAY

**JACOBS & BARBONE, P.A.**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1125 PACIFIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
PHONE: (609) 348-1125
FAX: (609) 348-3774
E-MAIL: JACOBSBARBONE@COMCAST.NET

ERIC H. LUBIN
MICHAEL F. MYERS
YOONIEH AHN

January 3, 2014

**Sent Via ECF**
Honorable Eduardo Robreno
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA   19106

        RE: U.S.A. v. Joseph Ligambi
           Criminal No. 09-496-3
           Our File No. 12,967

Dear Judge Robreno:

  Defense counsel is in receipt of the government's Motion to Preclude Improper Argument during the Defense Summations filed yesterday afternoon. Please accept this letter in lieu of a more formal response.

Ligambi's Opening Statement

  In regard to defendant Ligambi, the government's argument boils down to the following 2 (two) points:

  (1) Citing <u>United States v. Nolan-Cooper</u>, 155 F.3d 221, 229-31 (3d Cir. 1998), the government argues that counsel for defendant Ligambi asked the jury in his opening statement to acquit defendant because the government had engaged in "outrageous government conduct."

  (2) Citing <u>United States v. Stewar</u>t, 2004 WL 113506, Jan. 26, 2004 (S.D.N.Y.), the government argues that counsel for defendant Ligambi asked the jury in his opening statement to acquit defendant because the government had engaged in "selective prosecution".

  Both of these arguments are unavailing. <u>Nolan-Cooper</u> involved a factual scenario where an undercover FBI agent had sexual intercourse with the defendant. In that case, defendant filed a motion to dismiss the indictment on due process grounds. The district court denied the motion and the Third Circuit upheld the district court's ruling.

Putting aside the fact that <u>Nolan-Cooper</u> did not involve closing arguments, not once during his opening statement did defense counsel ask the jury to acquit his client simply because a particular FBI agent had acted immorally during the course of the investigation.

As for the government's second argument, the government has simply missed the point of Ligambi's opening statement. Defense counsel pointed out that despite 11,000 (actually 14,000) intercepts, 40 search warrants, and countless hours of visual surveillance over the course of more than a decade, the government had failed to develop a case. The point is <u>lack of evidence</u>.

<u>Borgesi's Opening Statement</u>

The government argues that defense counsel for defendant Borgesi argued in his opening statement that the jury should acquit defendant because he has not seen his wife and children. Nothing could be further from the truth. Instead, defense counsel merely explained why a so-called "career criminal" like Borgesi would "hang up his towel" rather than continue to traffic with the likes of Louis Monacello and risk spending the rest of his life in prison.

Defense counsel respectfully requests that the government's motion be denied.

Respectfully,

JACOBS & BARBONE, P.A.

<u>/s/ Michael F. Myers</u>
Michael F. Myers, Esquire

cc: Frank A. Labor, Esquire
cc: Christopher D. Warren, Esquire
cc: Joseph Ligambi